DAVID HANDWERKER, Respondent, *v.* JOHN STEINHARDT, Appellant.

Supreme Court, Appellate Term, First Department, December 3, 1925.

**Summary proceedings to dispossess — landlord demanded premises for own use and occupancy — direction of verdict against tenant error, where there was evidence raising issue of good faith of landlord — exclusion of evidence showing acceptance of rent check sent by tenant, error.**

A directed verdict in favor of the landlord in summary proceedings for the possession of premises for said landlord's own personal use and occupancy was error, since the landlord's good faith was put in issue by evidence that there was a variance between the thirty-day notice served upon the tenant and the petition as to which of the two record owners of the premises desired the apartment, that there were other apartments of similar size and character which had become vacant at or about the time of the service of said notice, and that a request for an increase in rent had been made.

It was error for the court to strike out testimony of the tenant concerning the mailing of a check covering rent of the apartment, following the service of the precept and petition, since it was material to the tenant's case to know whether the check had been accepted by the landlord.

APPEAL by defendant tenant from a final order of the Municipal Court, Borough of The Bronx, Second District, based upon a directed verdict for the landlord.

*Godfrey & Marx* [*Aaron H. Marx* of counsel], for the appellant.

*Julius D. Tobias,* for the respondent.

PER CURIAM. In a summary proceeding for possession of premises for the landlord's own use several elements tending to put in issue the landlord's good faith appeared during the trial. In the first place, a request for an increase in rent had been made; other apartments of similar size and character had become vacant at or about the time of the service of the thirty-day notice, and furthermore, there was a variance between the thirty-day notice and the petition as to which one of the two record owners desired the apartment. Under these circumstances the direction of a verdict was error.

The defendant tenant testified that following the service of the precept and petition early in June he sent by registered mail a check for the June rent. The thirty-day notice had terminated the lease on May thirtieth. Consequently it is of vital importance

to the tenant's case to know whether this check was accepted. Answers to questions tending to bring out this fact were struck out by the trial court, and this was also clearly erroneous.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY and BIJUR, JJ., concur; MULLAN, J., concurs upon the second ground stated.